UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20076–CIV-LENARD/O'SULLIVAN

ANIMAL LEGAL DEFENSE FUND, et al.,

    Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

    Defendants, and

MARINE EXHIBITION CORPORATION,
d/b/a MIAMI SEQUARIUM,

    Defendant-Intervenor.
_____/

## JOINT SCHEDULING REPORT AND FORM

Pursuant to paragraph 6 of the Court's January 11, 2013 Order (Document No. 48), the parties hereby submit this joint scheduling report and attached scheduling form.[1] As a preliminary matter, the parties wish to apprise the Court that this case is brought under the Administrative Procedure Act, 5 U.S.C. § 706 (2), and, accordingly, judicial review is limited to the Administrative Record that was before the agency when the challenged decision was made. Hence, the merits of the case should be decided on cross-motions for summary judgment, and there should be no need for discovery on the merits or a trial.[2] Accordingly, the only deadlines necessary in this case are for the filing of the administrative record, challenges to the

---

[1] Pursuant to the Southern District of Florida's local CM/ECF rule 3J(3), this document is being filed jointly by the undersigned attorney with the consent of the other parties.

[2] Defendants contend that there may need to be limited discovery on the issue of standing to sue, a subject not covered by the administrative record.

completeness of the record, and dispositive motions. At the same time, the parties disagree as to the proposed schedule for these dates. The parties have proposed conflicting schedules in section g. Any other information that might be helpful to the Court.

As directed by the Court, the parties provide the following additional information:

**a.      Likelihood of settlement.**  At this juncture the parties do not believe there is a likelihood of settlement in this case, but are certainly willing to explore settlement options as the case proceeds.

**b.      Likelihood of appearance of additional parties.**  Because the Marine Exhibition Corporation d/b/a Miami Seaquarium ("Seaquarium") has already intervened in this case, absent unforeseen circumstances the parties do not anticipate the appearance of any additional parties.

**c.      The necessity or desirability of amendments to the pleadings.**  Because this case challenges a decision made by the defendant United States Department of Agriculture ("USDA") on or about April 21, 2012 to renew the license of the Seaquarium under the Animal Welfare Act ("AWA")  under which Intervenor Seaquarium exhibits to the public a female killer whale named "Lolita," and that license is scheduled to expire on or about April 21, 2013, and may again be renewed by the USDA, Plaintiffs may decide to move for leave to amend their complaint at that time to challenge any such new decision. However, because the current Complaint contains a claim challenging USDA's annual practice of renewing this particular license and Plaintiffs' claims concerning the validity of the license stem from the same facts and law, it may not be necessary to amend the Complaint to add a specific challenge to any such new decision.

**d.      A proposal for the formulation and simplification of issues.**  The case is brought under

the Administrative Procedure Act, 5 U.S.C. § 706 (2), and, accordingly, judicial review is limited to the Administrative Record that was before the agency when the challenged decision was made.

**e.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence.** Because the Court's review of the merits will be limited to review of the Administrative Record, there should be no need for any unnecessary proof or cumulative evidence.

**f.     A discussion of possible admissions of fact, stipulations regarding the authenticity of documents; and the need for advance rulings on the admissibility of evidence.**  Because the Court's review of the merits of this case will be limited to the Administrative Record, there should be no need for stipulations regarding the authenticity or admissibility of evidence.  The parties may be able to stipulate to certain facts based on the Administrative Record.

**g.     Any other information that might be helpful to the Court.**  The parties wish to advise the Court that they have different views on how this case should proceed now that it has been transferred by the district court for the Northern District of California.

<u>Plaintiffs' Position</u>:

Plaintiffs' view is that because this case has already been pending since August 21, 2012 (DE 1), and is to be decided based solely on the Administrative Record, the government should be required to move forward with production of the Administrative Record as expeditiously as possible and the parties should proceed to brief this case on cross-motions for summary judgment.  Because the government Defendants have already unsuccessfully moved to dismiss this case once, *see* DE 16, Order (Jan. 8, 2013) (DE 39), and the Intervenor-Defendant's Answer was deemed filed on November 16, 2012 (*see* DE 36), and also joined the government's motion

to dismiss (DE 23), it is Plaintiffs' position that there should be no more motions to dismiss at this juncture, and that the case should proceed to the merits. At that juncture, Plaintiffs will bear the burden of demonstrating that they have the necessary Article III standing in this case.

To avoid further delay in this case, which has already been pending for six months, Plaintiffs propose that the government be directed to produce the Administrative Record within 30 days, by March 11, 2013, the parties have three weeks, until April 1, 2013 to resolve questions about the completeness of the Record; Plaintiffs file their opening brief within 30 days after the resolution of such issues; Defendants each file their combined cross-motions and oppositions within 30 days thereafter; Plaintiffs file a combined reply and opposition brief within 30 days thereafter; Defendants file their final reply briefs within 14 days thereafter, and the Court hold an oral argument on the motions as soon as possible after the motions are fully briefed. In light of the fact that there are two sets of Defendants in this case, Plaintiffs propose that Plaintiffs be permitted to file a combined opposition and reply brief of up to 60 pages (20 pages for each opposition; 10 pages for each reply).

**Defendants' Position:**

The Federal Defendants (Government) and Intervenor-Defendant Seaquarium note that the only motion to dismiss filed in this case was limited strictly to venue, and that dismissal for improper venue was denied but the alternative motion to transfer was granted. Now that the question of which court should decide this case has been resolved, it is appropriate that that court consider preliminary dispositive motions that may avoid the need to litigate this case fully. For example, the last lawsuit filed by Plaintiffs involving Lolita was resolved by successful motions to dismiss for lack of subject matter jurisdiction filed by the government and the Seaquarium.

Accordingly, the Government and Intervenor-Defendant Seaquarium propose that the schedule provide a reasonable time for filing and resolution of motions to dismiss (or motions for judgment on the pleadings) addressing standing-to-sue and/or threshold merits issues, before the government be required to produce the Administrative Record and the parties proceed to briefing cross-motions for summary judgment.

The Government contends that Plaintiffs lack standing and, therefore, the Court lacks subject matter jurisdiction. Plaintiff's position that the government cannot raise a motion to dismiss for lack of subject matter jurisdiction (pursuant to Rule 12(b)(1)) is not supported by law. A motion to dismiss for lack of subject matter jurisdiction may be brought at any time in a case, and the Court must ensure that it has jurisdiction over the case prior to proceeding. The Government will file its dispositive motion to dismiss for lack of subject matter jurisdiction on or before March 5, 2013.[3]

Intervenor expects to file a threshold motion to dismiss or for summary judgment for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), 56 and also potentially for judgment on the pleadings for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(c) and 12(h)(2)(B). Intervenor will file that motion in the same timeframe as the threshold federal motion to dismiss for lack of subject matter jurisdiction described above (March 5, 2013), so that briefing is efficiently done.

The Government proposes that all deadlines should be set from the date the Court issues its order on the forthcoming motion to dismiss for lack of subject matter jurisdiction. This way, should the Court find it lacks subject matter jurisdiction, no action will have been taken. To the

---

[3] The government will be filing a corresponding unopposed motion to enlarge the current response time from February 19, 2013, to March 5, 2013.

extent a schedule is required, the Government suggests that the Administrative Record be due 30 days from the date the Court issues an order on subject matter jurisdiction; Plaintiffs and Intervenor be given 30 days from the date the Administrative Record is filed to address any purported issues with completeness of the Record; and that the parties have 60 days from the date the Administrative Record is filed to file cross motions for summary judgment. The regular briefing schedule should follow from there. Intervenor concurs with the government's position.

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

      s/Anthony Erickson-Pogorzelski
      ANTHONY ERICKSON-POGORZELSKI
      ASSISTANT U.S. ATTORNEY
      99 N.E. 4th Street, 3rd Floor
      Miami, Florida 33132
      Tel: (305) 961-9296
      Fax: (305) 530-7139
      Fla. Bar 619884
      Email: anthony.pogorzelski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      s/Anthony Erickson-Pogorzelski
      Assistant United States Attorney